IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

DAVID SONACHANSINGH,

                Petitioner,

        vs.

WILLIAM LEE, Superintendent, Green
Haven Correctional Center,

                Respondent.

No. 9:10-cv-00491-JKS

MEMORANDUM DECISION

David Sonachansingh, a state prisoner appearing *pro se*, filed a Petition for Relief under 28 U.S.C. § 2254. Sonachansingh is currently in the custody of the New York State Department of Correctional Services, incarcerated at the Green Haven Correctional Facility. Respondent has answered, and Sonachansingh has replied.

## I. BACKGROUND/PRIOR PROCEEDINGS

Following a jury trial in April 2006, Sonachansingh was convicted in the Schenectady County Court of one count each of Murder in the Second Degree (N.Y. Penal Law § 125.25[1]) and Reckless Endangerment in the Second Degree (N.Y. Penal Law § 120.20). The trial court sentenced Sonachansingh to an indeterminate prison term of 25 years to life. On direct appeal, the Appellate Division, Third Department, affirmed, and the New York Court of Appeals denied leave to appeal.[1] The United States Supreme Court denied *certiorari* on June 29, 2009, and

---

[1] *People v. Sonachansingh*, 859 N.Y.S.2d 782 (N.Y.A.D.), *lv. denied*, 900 N.E.2d 559 (N.Y.) (Table), *reh'g denied*, 900 N.E.2d 563 (N.Y. 2009) (Table).

rehearing on October 5, 2009.[2]  On January 27, 2010, Sonachansingh filed a motion to set aside

the verdict under N.Y. Criminal Procedure Law § 330.30 and to vacate the judgment under N.Y.

Criminal Procedure Law § 440.10 [combined CPL §§ 330.30/ 440.10 motion] in the Schenectady

County Court.[3]  Sonachansingh then filed what appears to be the same combined CPL §§

330.10/440.10 motion in the Appellate Division, which was summarily denied on March 31,

2010.  Sonachansingh timely filed his petition in this Court on April 15, 2010.

> [Sonachansingh] was charged by indictment with intentional murder in the
> second degree, depraved indifference murder in the second degree, reckless
> endangerment in the first degree and unlawful imprisonment in the first degree
> based upon evidence that he fatally shot his wife and then held his stepdaughter
> hostage in their home in the City of Schenectady, Schenectady County.[4]

## II.  GROUNDS RAISED/DEFENSES

In his Petition Sonachansingh raises eleven grounds: (1) ineffective assistance of trial

counsel for failure to communicate with Sonachansingh and for allegedly making false remarks

in counsel's opening statement; (2) the verdict was improperly returned by nine jurors; (3)

Sonachansingh was deprived of documents necessary to prepare his *pro se* appellate brief by the

courts and agencies involved in the case; (4) appellate counsel improperly perfected his appeal

using the appendix method; (5) appellate counsel improperly interfered with Sonachansingh's

ability to submit arguments on appeal; (6) trial counsel waived Sonachansingh's right to appear

---

[2] *Sonachansingh v. New York*, 129 S. Ct. 2870 (Mem.), *reh'g denied*, 130 S. Ct. 381 (2009) (Mem.).

[3] Respondent reports that at the time Respondent filed his response to the Petition, August 16, 2010, the Schenectady County Court had not yet ruled on that motion. Sonachansingh has, however, attached to his Traverse a copy of the Order of the Schenectady County Court dated July 20, 2010, denying the motion.  [Docket No. 14, pp. 22-23.]

[4] *Sonachansingh*, 859 N.Y.S.2d at 782.

at pretrial hearings and jury selection without Sonachansingh's knowledge; (7) jury selection was unconstitutional; (8) the jury was not properly administered the Oath of Truthfulness; (9) actual innocence; (10) pending appeal on Sonachansingh's combined CPL §§ 330.30/410.10 motion; and (11) confidential issues intentionally left blank to all respondents.[5]

In his Traverse, Sonachansingh appears to attempt to raise additional grounds, e.g., denial of his right to a public trial and illegal search and seizure.  This Court does not ordinarily consider grounds raised for the first time in the traverse.  "The petition must: (1) specify *all* the grounds for relief available to the petitioner; (2) state the facts supporting each ground; [and] (3) state the relief requested . . . ."[6]  To the extent that Sonachansingh wishes to raise additional grounds, the proper procedure is to file a motion to amend the petition under Federal Rule of Civil Procedure 15.  In this case, however, a motion to amend would be futile because the amendment would not relate back to the initial filing and would, therefore, be barred by the one-year limitation period of 28 U.S.C. § 2244(d)(1).[7]  Consequently, this Court declines to address any ground other than those grounds fairly raised in the Petition.

Respondent contends that Sonachansingh's first and second grounds are procedurally barred on adequate, independent state grounds.  Respondent also contends that Sonachansingh's

---

[5] Sonachansingh's ninth, tenth and eleventh grounds were stricken.  Docket No. 3.

[6] Rules—Section 2254 Cases, Rule 2(c) (emphasis added).

[7] *See Mayle v. Felix*, 545 U.S. 644, 655-64 (2005) (discussing at length the interplay between Habeas Rule 2(c) and Fed. R. Civ. P. 15).

third, fourth, fifth, sixth, seventh and eighth grounds are unexhausted and procedurally barred. Respondent asserts no other affirmative defense.[8]

## III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, this Court cannot grant relief unless the decision of the state court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court rendered its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[9]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[10]  The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[11]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[12]  When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court

---

[8] *See* Rules—Section 2254 Cases, Rule 5(b).

[9] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[10] *Williams*, 529 U.S. at 412.

[11] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[12] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam).

precedent must be objectively unreasonable, not just incorrect or erroneous.[13]  The Supreme

Court has made it clear that the objectively unreasonable standard is a substantially higher

threshold than simply believing that the state court determination was incorrect.[14]  "[A]bsent a

specific constitutional violation, federal habeas corpus review of trial error is limited to whether

the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due

process.'"[15]  In a federal habeas proceeding, the standard under which this Court must assess the

prejudicial impact of constitutional error in a state-court criminal proceeding is whether the error

had a substantial and injurious effect or influence in determining the outcome.[16]  Petitioner "bears

the burden of proving by a preponderance of the evidence that his constitutional rights have been

violated."[17]

        In applying this standard, this Court reviews the last reasoned decision by the state

court.[18]  In addition, the state court's findings of fact are presumed to be correct unless the

petitioner rebuts this presumption by clear and convincing evidence.[19]  Although pre-AEDPA

---

[13] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[14] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[15] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

[16] *See Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[17] *Hawkins v. Costello*, 460 F.3d 238, 246 (2d Cir. 2006) (internal quotation marks and citation omitted).

[18] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson,* 229 F.3d 112, 118 (2d Cir. 2000).

[19] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

precedent established that deference is due findings of state appellate courts,[20] the Second Circuit has left the question open with respect to AEDPA cases.[21]  In the absence of a clear indication from the Second Circuit to the contrary, this Court can find no principled reason not to apply the same rule in the context of AEDPA, *i.e.*, findings of a state appellate court are presumed to be correct.

To the extent that Sonachansingh raises issues of the proper application of State law, they are beyond the purview of this Court in a federal habeas proceeding.  A petitioner may not transform a state-law issue into a federal one by simply asserting a violation of due process.[22] "[The Supreme Court has] long recognized that a mere error of state law is not a denial of due process."[23]  "'Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension.'"[24]

## IV.  DISCUSSION

### A.  Procedural Bar

Sonachansingh raised his first ground (ineffective assistance of counsel) and second ground (nine-member jury) in his *pro se* brief on direct appeal.  The Appellate Division summarily disposed of the issues raised in the *pro se* brief, stating:  "The remaining contentions,

---

[20] *See Sumner v. Mata*, 449 U.S. 539, 547 (1981); *Ventura v. Meachum*, 957 F.2d 1048, 1055 (2d Cir. 1992).

[21] *See Boyette v. Lefevre*, 246 F.3d 76, 88 n.7 (2d Cir. 2001).

[22] *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

[23] *Swarthout v. Cooke*, 562 U.S. ---, 131 S. Ct. 859, 863 (2011) (internal quotation marks and citations omitted).

[24] *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (quoting *Smith v. Philips*, 455 U.S. 209, 221 (1982)); *see Wainwright v. Goode*, 464 U.S. 78, 86 (1983) (per curiam).

all raised in defendant's pro se brief, are unpreserved for our review."  Sonachansingh also included those claims in this application for leave to appeal to the New York Court of Appeals. Respondent argues that those issues are procedurally barred.  This Court agrees.

Under the adequate-and-independent-state-ground doctrine, federal courts may not review the judgment of a state court that "rests on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision."[25]  Because this doctrine applies on federal habeas review, and because the state-law ground may be a procedural bar,[26] federal habeas courts often speak of an "adequate and independent procedural bar" to federal review of a claim or simply of a "procedurally barred" federal claim.  A federal habeas court lacks jurisdiction to evaluate questions of federal law decided by a state court where the state court judgment "rests on a state law ground that is independent of the federal question and adequate to support the judgment."[27]  A procedural bar will be deemed "adequate" only if it is based on a rule that is "firmly established and regularly followed" by the state in question.[28]

To classify the decision as either fairly appearing to rest primarily on or interwoven with federal law, or as resting primarily on state procedural law, this Court looks to three factors:  (1) the face of the state court opinion; (2) whether the state court was aware of a procedural bar; and (3) the practice of state courts in similar circumstances.[29]  There is no question that the Appellate Division explicitly invoked the state procedural rule as barring review.  Looking behind the

---

[25] *Harris v. Reed,* 489 U.S. 255, 260 (1989).

[26] *Id.* at 261-62.

[27] *Coleman v. Thompson,* 501 U.S. 722, 729 (1991).

[28] *Ford v. Georgia,* 498 U.S. 411, 423-24 (1991).

[29] *Jimenez v. Walker*, 458 F.3d 130, 145 and n.16 (2d Cir. 2006).

asserted state law grounds, as this Court must, this Court agrees with Respondent that the procedural ground cited by the Appellate Division, unpreserved for review, is firmly established and regularly followed by the New York courts.[30]

To avoid a procedural bar, Sonachansingh must demonstrate either cause for the default and actual prejudice, or that the failure to consider the claims will result in a fundamental miscarriage of justice.[31]  To prove a fundamental miscarriage of justice, Sonachansingh must show that a constitutional violation probably resulted in his conviction despite his actual innocence.[32]  Because the same test is applied with respect to the other affirmative defense raised, failure to exhaust available state-court remedies, this Court addresses it separately in subpart C below.

With respect to this second ground, conviction by nine jurors, in addition to being procedurally barred, it is factually unsupported by the record, which shows that he was convicted by a 12-member jury.[33]  Sonachansingh contends that the transcript has been altered to show conviction by 12 jurors.  Sonachansingh's bare allegation is unsupported by any reliable, corroborative evidence.

---

[30] *Rhagi v. Artuz*, 309 F.3d 103, 106-07 (2d Cir. 2002).

[31] *Coleman*, 501 U.S. at 749-50 (citing *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986)).

[32] *See Schlup v. Delo,* 513 U.S. 298, 321-25 (1995) (linking miscarriages of justice to actual innocence); *United States v. Olano,* 507 U.S. 725, 736 (1993) ("In our collateral-review jurisprudence, the term 'miscarriage of justice' means that the defendant is actually innocent."); *Murray,* 477 U.S. at 496 ("in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.")

[33] Docket 11-7, pp. 2095-96.

**B. Exhaustion**

This Court may not consider claims that have not been fairly presented to the state courts.[34]  A petitioner satisfies the fair presentation aspect of the exhaustion requirement by presenting the essential factual and legal premises of his federal constitutional claim to the appropriate state courts.[35]  An issue is exhausted when the substance of the federal claim is clearly raised and decided in the state court proceedings, irrespective of the label used.[36]  Exhaustion does not require that the petitioner have cited the "book and verse on the federal constitution."[37]  A petitioner who does not cite "book and verse of the Constitution" may nonetheless "fairly present to the state courts the constitutional nature of his claim" through:

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.[38]

In New York, to invoke one complete round of the State's established appellate process, a criminal defendant must first appeal his or her conviction to the Appellate Division and then seek further review by applying to the Court of Appeals for leave to appeal.[39]  Claims are fairly presented to the New York Court of Appeals when the application for leave to appeal clearly

---

[34] 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases).

[35] *Acosta v. Artuz*, 575 F.3d 177, 185 (2d Cir. 2009) (citing *Reese*, 541 U.S. at 30-34); *Rosa v. McCray*, 396 F.3d 210, 217 (2d Cir. 2005).

[36] *Jackson v. Edwards*, 404 F.3d 612, 619 (2d Cir. 2005).

[37] *Picard v. Connor*, 404 U.S. 270, 278 (1971).

[38] *Daye v. Attorney General of State of N.Y.*, 696 F.2d 186, 194 (2d Cir. 1982) (en banc).

[39] *Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005).

states that all claims in the attached brief are being pressed, or no arguments are made in detail and the application simply requests review of all issues outlined in the brief.[40]  Where the application for leave to appeal refers to specific claims raised before the Appellate Division but omits mention of others, the unmentioned claims are deemed abandoned.[41]  Where the application for leave to appeal argues one or more specific claims but only makes a passing reference to possible other claims found in the attached briefs, the claims mentioned in passing have not been fairly presented to the Court of Appeals.[42]  A claim raised for the first time in an application for discretionary review has not been properly exhausted.[43]

Sonachansingh's third ground (deprived of documents necessary for *pro se* brief), fourth ground (improper perfection of appeal), and sixth ground (improper waiver of right to appear) were specifically raised in his application for leave to appeal to the New York Court of Appeals, but were not raised in either of Sonachansingh's briefs in the Appellate Division.  Sonachansingh raised his seventh ground (jury selection unconstitutional) in his *pro se* brief in the Appellate Division on direct appeal, but omitted it in his application to the New York Court of Appeals for leave to appeal.  Thus, these claims are clearly unexhausted.[44]

---

[40] *Jordan v. Lefevre*, 206 F.3d 196, 199 (2d Cir. 2000); *see also Morgan v. Bennett*, 204 F.3d 360, 369-71 (2d Cir. 2000) (the application for leave to appeal did not specify any particular issue for review, but enclosed the briefs filed in the Appellate Division and requested the Court of Appeals consider and review all issues raised in the appellant's brief and *pro se* supplemental brief).

[41] *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991).

[42] *Jordan*, 206 F.3d at 198.

[43] *St. Helen v. Senkowski*, 374 F.3d 181, 183 (2d Cir. 2004) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

[44] *Id.*; *Jordan*, 206 F.3d at 198.

10

Even if a federal claim has not been properly presented to the highest state court or preserved under state law, it will be deemed exhausted if it has become procedurally barred under state law.[45]  Sonachansingh has already had his one and only direct appeal permitted under New York law,[46] and the failure to properly raise the claim on direct review forecloses further collateral review.[47]  Sonachansingh has procedurally defaulted on his third, fourth, sixth, and seventh claims because New York's procedural rules now bar him from raising it in New York Courts.[48]

> In the case of procedural default (including where an unexhausted claim no longer can proceed in state court), we may reach the merits of the claim "only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent."[49]

Sonachansingh alluded to his fifth (appellate counsel's interference with Sonachansingh's right to submit a *pro se* brief on appeal) and eighth (failure to administer the oath of truthfulness to the jury) grounds in his combined CPL §§ 330.30/410.10 motion before the Schenectady County Court.  It is unclear from the motion the precise question or questions Sonachansingh was presenting.[50]  As the Schenectady County Court noted, Sonachansingh stated the questions presented to the court were:

---

[45] *St. Helen*, 374 F.3d at 183 (citing *Grey*, 933 F.3d at 120).

[46] *See Aparicio v. Artuz*, 269 F.3d 78, 91 (2d Cir. 2001).

[47] *Id.*; N.Y. Crim. Proc. Law § 410.10[2](c).

[48] *St Helen*, 374 F.3d at 183.

[49] *Id.* at 184 (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)); *see Sawyer v. Whitley,* 505 U.S. 333, 338 (1992); *Coleman*, 501 U.S. at 749-50.

[50] This motion is a somewhat rambling 72-page document in which Sonachansingh includes arguments that were advanced and rejected on his direct appeal.

      1.  "Should ADA Mueller plead guilty to his "serious crime" and save the government spendings"; and

      2.  "Would this Court after reviewing defendant's arguments recommend that the proper channels is (sic) taken to the appropriate superior court that will bring this case to it's conclusion".[51]

Just as the Schenectady County Court held that those issues are not properly raised in either a

CPL 440.10 motion or a CPL § 330.30 motion,[52] they are not issues properly raised before this

Court in a federal habeas proceeding.  The Schenectady County Court further held:

> To the extent that one can weed out the issues raised regarding prosecutorial misconduct, insufficient evidence to have warranted a conviction, ineffective assistance of counsel, and his right to be present at trial interspersed with these other matters, [Sonachansingh] does not allege any facts in support of his claims.  Many of the unsupported allegations made by [Sonachansingh] involve issues that could have been raised on appeal but were not.
>
> CPOL Section 440.30(4)(d) authorizes the Court to deny a motion without a hearing where an allegation is made by the defendant unsupported by any other affidavit or evidence and there is no reasonable possibility that the allegation is true.  Additionally, CPL 440.10(2)(c) requires [a court] to dismiss a motion when sufficient facts appear on the record to have raised an issue on appeal, but the defendant did not.
>
> Accordingly, [Sonachansingh's] motion is dismissed pursuant to CPL 440.30(4)(d) and 440.10(2)(c).[53]

Although the Schenectady County Court denied that motion, Sonachansingh may seek

further review in the Appellate Division.[54]  Assuming Sonachansingh timely sought review in the

---

[51] Docket No. 14, p. 22.

[52] Docket No. 14, p. 22.  The Schenectady County Court also noted that a CPL § 330.30 motion must be made before sentencing.

[53] Docket No. 14, pp. 22-23.

[54] N.Y. Crim. Proc. Law §§ 450.15, 460.15; N.Y. Comp. Code & Regs. tit. 22, § 800.3. The Schenectady County Court specifically advised Sonachansingh of this right in its order denying the motion.

Appellate Division, until the Appellate Division either denies leave to appeal or renders a decision on the merits, Sonachansingh will not have exhausted his state-court remedies.

In dealing with a mixed petition, i.e., one containing both exhausted and unexhausted claims, this Court has several options.  The petition may be dismissed in its entirety under the "total exhaustion" rule, with leave to amend setting forth solely the exhausted claims.[55]  At either the request of the petitioner or *sua sponte*, this Court may stay a mixed habeas corpus petition and hold the entire petition—exhausted and unexhausted claims alike—in abeyance while the petitioner exhausts his unexhausted claims.[56]  Finally, this Court may deny the unexhausted claims on the merits notwithstanding the lack of exhaustion of state court remedies.[57]

A stay and abeyance is, however, available only in limited circumstances.  In determining whether to stay and abey the petition, this Court must apply a two-prong test.  First, there must be good cause for the petitioner's failure to exhaust his claims in the state courts.[58]  Second, even if good cause is shown, a district court abuses its discretion if it grants a stay when the unexhausted claims are plainly meritless.[59]

In this case, Sonachansingh's fifth and eighth grounds may still be pending before the Appellate Division.  At first blush, it would appear to be appropriate to stay and abey further consideration of those claims to permit the state courts to complete resolution.  This Court has,

---

[55] *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose*).

[56] *Rhines v. Weber*, 544 U.S. 269, 277 (2005); *see Day v. McDonough*, 547 U.S. 198, 209-10 (2006).

[57] 28 U.S.C. § 2254(b)(2).

[58] *Rhines*, 544 U.S. at 277.

[59] *Id*.

however, determined that a stay and abey in this case would serve no useful purpose.  If in the unlikely event that the Appellate Division grants relief, the issue before this Court will become moot.  If, on the other hand, the Appellate Division denies relief, Sonachansingh's fifth and eighth grounds are plainly meritless.

*Ground 5:  Counsel's Interference with Sonachansingh's Ability to Submit Arguments on Appeal*

Sonachansingh alleges several actions of counsel that interfered with his ability to prepare and submit his *pro se* brief on appeal, including failure to provide him with a transcript, writing letters to his family resulting in the cut-off of funds necessary to pursue his appeal, e.g., copying costs, and delay in providing him a copy of counsel's appellate brief.  Sonachansingh was, however, able to submit his *pro se* appellate brief, as well as his *pro se* application for leave to appeal.  Although it found the issues raised in Sonachansingh's *pro se* brief to be without merit, the Appellate Division considered them.  What is notably absent from either his combined CPL §§ 330.30/410.10 motion or his Petition to this Court is what *prejudice* he suffered.  That is, Sonachansingh does not specify what additional arguments or evidence he might have been able to present, or how those arguments or that evidence might have changed the outcome.

Under *Strickland,* to demonstrate ineffective assistance of counsel, Sonachansingh must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[60]  A deficient performance is one in which counsel made errors so serious

---

[60] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.[61]

Sonachansingh must show that his defense counsel's representation was not within the range of

competence demanded of attorneys in criminal cases, and that there is a reasonable probability

that, but for counsel's ineffectiveness, the result would have been different.[62]

In reviewing ineffective assistance of counsel claims in a federal habeas proceeding:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro, supra,* at 473, 127 S.Ct. 1933. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See *Yarborough v. Alvarado,* 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").[63]

It is through this doubly deferential lens that a federal habeas court reviews *Strickland* claims

under the § 2254(d)(1) standard.[64]

The Supreme Court, applying the "doubly deferential standard," has made clear that when

adjudicating ineffective assistance of counsel claims in federal habeas proceedings, unlike the

situation on direct review, focus is not on whether counsel's performance fell below the

*Strickland* standard. Rather, the focus is on whether the state-court decision holding that counsel

---

[61] *Id.*

[62] *Woodford v. Visciotti*, 537 U.S. 19, 22-23 (2002); *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

[63] *Knowles v. Mirzayance*, 556 U.S. ___, 129 S. Ct. 1411, 1420 (2009).

[64] *See id.* (citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)).

15

was not ineffective constituted an "*unreasonable* application of federal law[,][which] is different from an *incorrect* application of federal law."[65]

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.[66]

In the event that the Appellate Division denies Sonachansingh relief, this Court could not say that the decision to deny relief was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[67]  Nor, viewing the matter through the doubly-deferential lens of *Mirzayance* and *Richter*, could this Court find that the state court unreasonably applied the correct legal principle to the facts of the Sonachansingh's case within the scope of *Andrade-Williams-Schriro*; i.e., the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.  Sonachansingh has failed to establish that counsel committed any error that was so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment or that his defense was prejudiced, as required by *Strickland-Hill*.  In particular, Sonachansingh has failed to establish prejudice.

---

[65] *Harrington v. Richter*, 562 U.S. ---, 131 S. Ct. 770, 785 (2011) (emphasis in the original).

[66] *Id.* at 786.

[67] 28 U.S.C. § 2254(d).

*Ground 7: Improper Jury Oath*

Sonachansingh argues that the jury was not given the required "Oath of Truthfulness." Under New York law, a prospective jury panel must be immediately "sworn to answer truthfully questions asked them relative to their qualifications to serve as jurors."[68]  This allegation is also not borne out by the record.  The record shows that after the trial court entertained requests to be excused from serving, but before questioning jurors concerning their qualifications to serve, the jury was sworn.[69]  Although the transcript does not recite the oath given, this Court presumes that, in the absence of clear evidence to the contrary, the Court Clerk administered the proper oath.[70]  Here the only evidence to the contrary is Sonachansingh's statement he didn't hear the oath given.  This hardly rises to the level of "clear" evidence.  Consequently, this Court also denies the relief on Sonachansingh's seventh ground on the merits.[71]

**C.  Cause, Prejudice, and Innocence**[72]

As noted above, Sonachansingh can avoid application of the procedural bar by demonstrating either cause for the default and actual prejudice, or that the failure to consider his

---

[68] N.Y. Crim. Proc. Law § 270.15[1](a).

[69] Docket No. 11-1, p. 75.

[70] *National Archives and Records Admin. v. Favish*, 541 U.S. 157, 174 (2004); *United States v. Armstrong*, 517 U.S. 456, 464 (1996); *United States v. Chemical Found., Inc.*, 272 U.S. 1, 14-15 (1921).

[71] 28 U.S.C. § 2254(b)(2).

[72] This Court notes that, although Sonachansingh's stand-alone "actual innocence" claim (ninth ground) was stricken, that does not, indeed could not, preclude consideration of his actual innocence claim in the procedural default context.

claims will result in a fundamental miscarriage of justice.[73]  Sonachansingh has failed to satisfy this requirement.

In the absence of an ineffective assistance of counsel claim that has been presented to the state courts as an independent claim, the mere failure of counsel to raise an issue before the state courts is not sufficient to establish the "cause" necessary to avoid the application of the procedural bar rule.[74]  Instead, Sonachansingh must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."[75]  Assuming that Sonachansingh's independent ineffective counsel claims constitute sufficient cause, Sonachansingh does not prevail because he must also establish prejudice.  As noted above, to show prejudice, Sonachansingh must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[76]  In holding against Sonachansingh on his two ineffective assistance counsel claims, this Court determined that Sonachansingh failed to show that he was prejudiced.  Thus, Sonachansingh cannot escape the consequences of the procedural bar on that basis.

To prove a fundamental miscarriage of justice, a petitioner must show that a constitutional violation probably resulted in his conviction despite his actual innocence.[77]  Although at this gateway stage Sonachansingh need not establish his innocence as an "absolute certainty," Sonachansingh must demonstrate that more likely than not, no reasonable juror could

---

[73] *Coleman*, at 749-50.

[74] *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000); *Murray*, 477 U.S. at 486-90.

[75] *Murray*, 477 U.S. at 488.

[76] *Woodford*, 537 U.S. at 22-23; *Hill*, 474 U.S. at 57; *Strickland*, 466 U.S. at 687.

[77] *See Schlup*, 513 U.S. at 321-25; *Olano*, 507 U.S. at 736; *Murray*, 477 U.S. at 496.

find him guilty beyond a reasonable doubt.[78]   In the context of overcoming a procedural default,

a federal habeas petitioner must demonstrate that the constitutional violations he alleges "ha[ve]

probably resulted in the conviction of one who is actually innocent," such that a federal court's

refusal to hear the defaulted claims would be a "miscarriage of justice."[79]   It is important to note

that, in this context, "'actual innocence' means factual innocence, not mere legal insufficiency."[80]

To make the requisite showing of actual innocence, Sonachansingh must produce "new *reliable*

evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or

critical physical evidence—that was not presented at trial" and "must show that it is more likely

than not that no reasonable juror would have convicted him in the light of the new evidence."[81]

New evidence is relevant evidence that was either excluded or unavailable at trial.[82]   In making

its analysis, a federal habeas court considers the entire record, old evidence as well as new, and

"on this total record, the court must make a probabilistic determination of what reasonable,

properly instructed jurors would do."[83]   In so doing, the court "may consider how the timing of

the submission and the likely credibility of the affiants bear on the probable reliability of that

evidence."[84]

---

[78] *House v. Bell*, 547 U.S. 518, 538 (2006).

[79] *Schlup,* 513 U.S. at 326, 327 (internal quotation marks omitted).

[80] *Bousley*, 523 U.S. at 623.

[81] *Schlup*, 513 U.S. at 324, 327 (emphasis added).

[82] *Id.* at 328; *Doe v. Menefee*, 391 F.3d 147, 162 (2d Cir. 2004) (citing *Schlup*).

[83] *House*, 547 U.S. at 537-38 (citing *Schlup*, 513 U.S. at 329) (internal quotation marks omitted); *Bousley*, 523 U.S. at 630-31.

[84] *House*, 547 U.S. at 537 (citing *Schlup*, 513 U.S. at 331-32).

19

Sonachansingh has not offered any new reliable evidence.  Presented in a somewhat rambling manner, as relevant to his Petition, Sonachansingh's primary contentions appear to be that the People's evidence was insufficient, fabricated, false, or perjurious, that the transcript was altered, and that there was a conspiracy between the trial judge and the prosecutor to convict him. The "new evidence" of innocence submitted by Sonachansingh consists solely of his version of the facts, i.e., that the shooting was accidental, which only Sonachansingh could have provided by testimony at his trial.  Sonachansingh did not testify at his trial.  Because this "evidence," offered through Sonachansingh's testimony, was available at trial, it is not "new evidence."  By failing to timely exercise his right to testify in his own defense at trial, Sonachansingh has waived that right.[85]  Sonachansingh has failed to establish that he was actually innocent.

## V.  CONCLUSION AND ORDER

Review of Sonachansingh's claims in this Court is barred because the claims are either unexhausted and procedurally barred, or are unexhausted and plainly meritless on their face.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

---

[85] This Court notes that Sonachansingh does not contend that he was not aware of his right to testify at trial or that his trial counsel prohibited him from exercising that right.  *See Puglisi v. United States*, 586 F.3d 209, 214 (2d Cir. 2009) (federal habeas case); *Chang v. United States*, 250 F.3d 79, 82-84 (2d Cir. 2001) (same).

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[86]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[87]

The Clerk of the Court is to enter judgment accordingly.

Dated:  March 15, 2011.

_/s/ James K. Singleton, Jr._
JAMES K. SINGLETON, JR.
United States District Judge

---

[86] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

[87] *See* Fed. R. App. P. 22(b); Second Circuit R. 22.